**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 19-cv-2451-RM-KMT

PATENTBOOKS, INC., a Delaware Corporation,

    Plaintiff,

v.

DR. DORNE SOWERBY, an individual; and
DOES 1-10, INCLUSIVE,

    Defendants.

---

## ORDER
---

    This matter is before the Court *sua sponte* upon the reassignment of this case. Upon review of the Complaint an issue is raised as to whether subject matter jurisdiction exists. *See Amazon, Inc. v. Dirt Camp, Inc.,* 273 F.3d 1271, 1276 (10th Cir. 2001) (A federal court has an independent obligation to examine its own jurisdiction at every stage of the proceeding.).

    Plaintiff filed this action alleging diversity jurisdiction under 28 U.S.C. § 1332 which, provides, in relevant part:

> The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—
> (1) citizens of different States;
> (2) citizens of a State and citizens or subjects of a foreign state, except that the district courts shall not have original jurisdiction under this subsection of an action between citizens of a State and citizens or subjects of a foreign state who are lawfully admitted for permanent residence in the United States and are domiciled in the same State;….

"An individual's residence is not equivalent to his domicile and it is domicile that is relevant for determining citizenship." *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*,

781 F.3d 1233, 1238 (10th Cir. 2015) (citation omitted).  However, "under certain circumstances… proof that a person is a resident of a state may prima facie indicate that he is a citizen of that state." *Whitelock v. Leatherman*, 460 F.2d 507, 514 n.14 (10th Cir.1972).

In this case, Plaintiff alleges that it "is a corporation organized under the laws of the State of Delaware with its principal place of business in Colorado Springs, Colorado," and Defendant "is an individual and maintains places of residence in both the United Kingdom and United States."  (Complaint, ¶¶ 3, 4.)  Based on such allegations, Plaintiff concludes this matter in controversy "is between citizens of different States and citizens of a State and a foreign state."  (Complaint, ¶ 5.)  Such allegations, however, are insufficient to support this conclusion and, accordingly, that diversity jurisdiction exists.  It is therefore

**ORDERED** that on or before **January 3, 2020**, Plaintiff shall show cause why this case should not be dismissed without prejudice for lack of subject matter jurisdiction.

DATED this 20th day of December, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge