# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge Raymond P. Moore

Civil Action No. 19-cv-2451-RM-KMT

PATENTBOOKS, INC., a Delaware Corporation,

    Plaintiff,

v.

DR. DORNE SOWERBY, an individual; and
DOES 1-10, INCLUSIVE,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's Notice of Motion and Motion for Default Judgment (ECF No. 28) requesting the clerk to enter default judgment. Upon review of the motion and the court record, the Court finds the motion fails to show relief may be granted.

The entry of a default judgment is a two-step process. First, plaintiff must request the clerk to enter default on the docket upon showing that default may enter. *Williams v. Smithson*, 57 F.3d 1081, 1995 WL 365988, at *1 (10th Cir. 1995) (unpublished table decision). Then, after entry of default by the clerk, "'the party entitled to a judgment by default shall apply to the court therefor.'" *Id*. (quoting Fed. R. Civ. P. 55(b)(2)). Here, Plaintiff improperly conflates these two steps.

Next, although Fed. R. Civ. P. 55(b)(1) provides for the clerk to enter default judgment under certain circumstances, Plaintiff's request does not fall within this provision. For example, Plaintiff seeks attorney's fees and punitive damages. *See* 10A Mary Kay Kane, Federal Practice & Procedure § 2683 (4th ed. 2019). Accordingly, following any entry of default, any request by

Plaintiff for default judgment must be made by motion to the Court showing that default judgment may enter on the claims pled. *See, e.g.,* Fed. R. Civ. P. 55(c) ("A default judgment must not differ in kind from, or exceed in amount, what is demanded in the pleadings."). Accordingly, it is

**ORDERED** that the Notice of Motion and Motion for Default Judgment (ECF No. 28) is DENIED WITHOUT PREJUDICE.

DATED this 16th day of January, 2020.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge