## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO
## Judge Raymond P. Moore

Civil Action No. 19-cv-2451-RM-KMT

PATENTBOOKS, INC., a Delaware Corporation,

    Plaintiff,

v.

DORNE SOWERBY, Dr., an individual; and
DOES 1-10, INCLUSIVE,

    Defendants.

---

## ORDER

---

This matter is before the Court on Plaintiff's PatentBooks, Inc. ("PBI") second motion for entry of judgment on default (ECF No. 39). After Defendant Dorne Sowerby was personally served with the complaint (ECF No. 11) and failed to respond, PBI moved for entry of default; the Clerk of Court entered default on January 27, 2020 (ECF No. 33). On September 14, 2020, this Court denied PBI's first motion for entry of default judgment on the grounds that it failed to (1) sufficiently address the issue of personal jurisdiction and (2) identify both the elements of each claim and the facts alleged in the First Amended Complaint that support judgment for the same. (ECF No. 38.)

In its current motion, PBI again requests entry of default judgment under Fed. R. Civ. P. 55(b)(2). For the reasons given below, the motion is denied.

**I.    LEGAL STANDARD**

"[E]ven after entry of default the Court must decide whether the unchallenged facts create a legitimate basis for entry of judgment." *Villanueva v. Account Discovery Sys., LLC*, 77

F. Supp. 3d 1058, 1066 (D. Colo. 2015) (quotation omitted). Although the Court has discretion to enter default judgment, strong policies favor resolution of disputes on their merits; therefore, it is generally appropriate "only when the adversary process has been halted because of an essentially unresponsive party." *Id.* at 1067 (quotation omitted); *Tripodi v. Welch*, 810 F.3d 761, 764 (10th Cir. 2016) (default judgment committed to court's sound discretion).

Before the Court may grant a motion for default judgment, it must follow a two-step process. First, the Court has an affirmative duty to ensure its jurisdiction over both the subject matter of the action and the parties. *Williams v. Life Sav. & Loan*, 802 F.2d 1200, 1203 (10th Cir. 1986); *Marcus Food Co. v. DiPanfilo*, 671 F.3d 1159, 1166 (10th Cir. 2011) (default judgment against defendant over whom court has no personal jurisdiction is void). Second, the Court should consider whether the well-pled allegations of fact—which are admitted by a defendant upon default— support a judgment on the claims against the defaulting defendant. *See Tripodi*, 810 F.3d at 764 (by his default, defendant relieved plaintiff from having to prove complaint's factual allegations; the judgment, however, must be supported by sufficient basis in the pleadings). The Court also accepts as true the undisputed facts alleged in affidavits and exhibits. *See Brill Gloria v. Sunlawn, Inc.*, No. 08-CV-00211-MSK-MEH, 2009 WL 416467, at *2 (D. Colo. Feb. 18, 2009).

## II. BACKGROUND

As stated in its previous Order, this case involves a business investment strategy gone awry. At issue is an Escrow Agreement, as amended, between PBI and Sowerby. At various times, Sowerby signed on behalf of herself as the escrow agent *and* as agent for General Innovation Fund ("GIF"). Notably, however, GIF is not a party to the Escrow Agreement, but is

a party to the amendment.[1]  GIF is not a party to this lawsuit.[2]

As indicated in the amended Escrow Agreement, this business venture was set to commence upon PBI depositing funds into an escrow account at CitiBank in New York, with Aaron Etra, Esq., acting as the account fiduciary. (ECF No. 25 at ¶ 10.) Those funds were to be used as proof of solvency for GIF to secure a loan from BBVA bank in Spain which, in turn, would be reinvested into PBI through stock acquisition by GIF. (*Id.* at ¶ 7.) PBI executed its part of the agreement by depositing $330,000 into the CitiBank account, but after more than ten months of no action from GIF in securing funds to invest in PBI, PBI became weary and wrote Sowerby and GIF demanding its money be returned. (*Id.* at ¶¶ at 11-13.) Sowerby has not returned the money. (*Id.* ¶ at 14.) Instead, Sowerby has removed the funds from the escrow account without PBI's permission for her own benefit. (*Id.* at ¶ at 15.)

Based on the foregoing, Plaintiff brought this lawsuit asserting five causes of action: (1) breach of escrow agreement; (2) breach of implied covenant of good faith and fair dealing; (3) unjust enrichment; (4) breach of fiduciary duty; and (5) for an accounting. (*Id.* at ¶¶ 17-51.)

On February 12, 2020, PBI moved for entry of default judgment asserting that although Sowerby was served with a Summons and complaint on October 21, 2019, she has not responded. (ECF No. 34, at 2-3.) As discussed previously, the Court denied PBI's first request for judgment on the default as it was deficient for a number of reasons identified in the Order. (ECF No. 38.) Specifically, the issues were: (1) the adequacy of service of process under Rule 4(f); (2) whether the Court has personal jurisdiction over Sowerby; and (3) whether the

---

[1] Sowerby signed the amendment on behalf of GIF.
[2] This could create issues related to this Court's ability to enter final judgment.  Plaintiff seemingly attempts to preempt this issue by stating, "[o]nce judgment is entered against Sowerby on these claims of relief, [Plaintiff] intends to ask this Court to dismiss the remaining claims for relief (unjust enrichment and an accounting) and the DOE defendants under Rule 41(a)(2)." (ECF No. 39 at 5.)  All references to page numbers reflect the page number designation provided by the CM/ECF system.

allegations in the amended complaint support a judgment on the claims against Sowerby.

PBI again moves for entry of default judgment, contending that it has addressed the deficiencies in its prior motion.

## III.    ANALYSIS

### A.    Jurisdiction

As discussed in its previous Order, the Court has subject matter jurisdiction over this action because there are diverse parties and the amount in controversy exceeds $75,000.  28 U.S.C. § 1332(a).

Turning next to personal jurisdiction, adequacy of service is a prerequisite to establishing that the Court has personal jurisdiction over Sowerby.  *Venable v. Haislip*, 721 F.2d 297, 300 (10th Cir. 1983).  Sowerby is a foreign defendant, and, as such, the Court must analyze the adequacy of service in the context of Fed. R. Civ. P. 4(f).  Plaintiff asserts that it served Sowerby by personal service in the United Kingdom with the complaint pursuant to Fed. R. Civ. P. 4(f)(1) and by electronic mail to an email address which Sowerby previously used to communicate with Plaintiff.  (ECF No. 39 at 3.)  The subsection on which Plaintiff relies permits service on a foreign defendant "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents."  Fed. R. Civ. P. 4(f)(1).

Here, the returned Summons indicates that personal service was made on Sowerby by a registered agent in the United Kingdom.  Indeed, personal service on a foreign defendant comports with the Due Process Clause requirements "to apprise interested parties of the pendency of the action and afford them an opportunity to present their objection." *Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 707 (1988).  Therefore, service

was effective under the applicable Rule.

To establish personal jurisdiction over an out-of-state defendant, the plaintiff must make a prima facie showing that "jurisdiction is legitimate under the laws of the forum state and that the exercise of jurisdiction does not offend the due process clause of the Fourteenth Amendment." *C5 Medical Werks, LLC v. CeramTec GMBH*, 937 F.3d 1319, 1322 (10th Cir. 2019). "Because Colorado's long-arm statute confers maximum jurisdiction permitted by constitutional due process, *Archangel Diamond Corp. v. Lukoil*, 123 P.3d 1187, 1193 (Colo. 2005), our only question is whether the [Court's] exercise of personal jurisdiction comports with due process." *C5 Medical Werks*, 937 F.3d at 1322 (citing *Dudnikov v. Chalk & Vermilion Fine Arts, Inc.*, 514 F.3d 1063, 1070 (10th Cir. 2008)).

"Due process requires that the out-of-state defendant both 'purposefully established minimum contacts within the forum State' and the 'assertion of personal jurisdiction would comport with fair play and substantial justice.'" *C5 Medical Werks*, 937 F.3d at 1322-23 (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 476 (1985) (internal quotation marks omitted)). A defendant's contact with the forum state may give rise to either general or specific jurisdiction. *Id.*

Personal jurisdiction can be general, based on "continuous and systematic" contacts with the forum state. *Id.* "Specific jurisdiction means that a court may exercise jurisdiction over an out-of-state party only if the cause of action relates to the party's contacts with the forum state." *Id.* at 1323. There is a two-step inquiry for specific jurisdiction: "(a) whether the plaintiff has shown that the defendant has minimum contacts with the forum state; and, if so, (b) whether the defendant has presented a 'compelling case that the presence of some other considerations would render jurisdiction unreasonable.'" *Id.* (quoting *Old Republic Ins. Co. v. Continental Motors,*

5

*Inc.*, 877 F.3d 895, 904 (10th Cir. 2017)). The minimum contacts test as it relates to specific personal jurisdiction has two requirements: "(i) that the defendant must have 'purposefully directed its activities at residents of the forum state,' and (ii) that 'the plaintiff's injuries must arise out of the defendant's forum-related activities.'" *Id.* (quoting *Old Republic*, 877 F.3d at 904).

PBI claims that by engaging in business with PBI, Sowerby has had minimum contacts with Colorado as to satisfy due process. (ECF No. 39 at 8.) PBI further argues that specific personal jurisdiction has been established by Sowerby entering into the Escrow Agreement with PBI, a corporation with its principal place of business in Colorado. (*Id.*) By doing so, PBI contends, Sowerby has purposefully directed her activities at the forum state, activities which gave rise to PBI's injuries. (*Id.* at 5.)

PBI, however, cites no caselaw in support of its contention that by entering into a contract with a Colorado-based corporation, Sowerby is subject to personal jurisdiction in the United States District Court for the District of Colorado.

To establish specific jurisdiction in the contract context requires that Sowerby have "continuing 'relationships with the forum state and its residents.'" *Dental Dynamics, LLC v. Jolly Dental Grp., LLC*, 946 F.3d 1223, 1230 (10th Cir. 2020) (citation omitted). However, the mere existence of a contract, standing alone, is insufficient to create personal jurisdiction. *Id.*; *SGI Air Holdings II LLC. v. Novartis Int'l, AG*, 192 F. Supp. 2d 1195, 1202 (D. Colo. 2002) ("a party does not submit itself to personal jurisdiction in a distant forum simply by entering into a contract with a party that resides in that forum"). Instead, the contract must have a "substantial connection" with the forum state. *TH Agric. & Nutrition, LLC v. Ace Eur. Grp. Ltd.*, 488 F.3d 1282, 1288 (10th Cir. 2007). In examining the import of the connection, courts consider "'prior

negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing.'" *Id.* (quoting *Burger King*, 471 U.S. at 479).

Here, PBI alleges that it engaged in email communications with Sowerby in finalizing the Escrow Agreement and in executing its amendment. While it appears that the parties to the amended Escrow Agreement (in particular, GIF's agent, Nigel Worth, and PBI executives) discussed reasons for a delay in securing the loan to purchase stocks in PBI after PBI had deposited funds into the agreed-upon New York trust account, Sowerby did not initiate or transmit any of these communications. Even assuming that Sowerby directed some communications at the forum state pertaining to the agreement, those negotiations alone are insufficient to show purposeful direction. *See SGI Air Holdings II LLC.*, 192 F. Supp. 2d at 1203 (finding that the contacts were insufficient to confer specific jurisdiction where the defendant contacted the plaintiff's agent in Colorado to purchase a plane and engaged in various phone, email, and fax communications before executing the contract).

Examining the nature of the agreement or its future consequences is no more convincing for PBI's position. To the extent that a promise to "provide funding and purchase stock in PBI" creates a continuing relationship between the parties and the forum state, that ongoing obligation would be between PBI and GIF, not Sowerby. Sowerby, as the escrow agent, would be tasked with safeguarding the funds while the transaction between GIF and PBI was finalized. And, based on the amendment to the Escrow Agreement, Aaron Etra, the attorney designated on the trust account into which the funds were deposited, would have had the fiduciary duty to the parties.

Additionally, in executing the Escrow Agreement, GIF was seeking to do business with a Delaware corporation and there is no indication that GIF, let alone Sowerby, knew PBI's

7

principal place of business was in Colorado except for the "Notice" clause in the agreement which requires any communication be sent to PBI's Colorado address. In the same vein, the Escrow Agreement is governed by Delaware law which indicates Sowerby did not purposefully avail herself of the privilege of conducting activities in Colorado.[3] *See Hanson v. Denckla*, 357 U.S. 235, 253 (1958) (explaining that specific personal jurisdiction requires that "there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws").

Moreover, much of the course of dealings in executing this agreement occurred in New York, not Colorado. The Escrow Agreement required PBI to transmit funds to a trust account established in a New York bank maintained by Aaron Etra, a New York licensed attorney. PBI initiated this activity directed at the State of New York. And the subsequent harm which allegedly arose when Sowerby removed the funds from the escrow account occurred in New York. None of the dealings have occurred in Colorado. Even more telling, Sowerby never came to Colorado to negotiate or execute the Escrow Agreement, she did not initiate any activity particular to Colorado which GIF undertook, and she did not personally conduct other business in Colorado.

Given the circumstances surrounding the agreement, haling Sowerby into this Court would not comport with notions of fair play and substantial justice based on the attenuated and limited contacts with Colorado. Merely signing the Escrow Agreement on behalf of GIF is insufficient to establish a "substantial connection" with the forum state. Consequently, the Court will not exercise specific personal jurisdiction over Sowerby in this case. *See Dental Dynamics,*

---

[3] Even though the Escrow Agreement prescribes that a legal suit arising out of this obligation "may be instituted in the federal courts of the United States or the courts of the State of Delaware," that alone is insufficient to show Sowerby acquiesced to personal jurisdiction in this District. This does, however, indicate that PBI is not without venue to seek recourse for the alleged wrongs in another forum, namely, a Delaware court.

*LLC*, 946 F.3d at 1231 (finding no specific personal jurisdiction based on a contract to sell dental equipment between a business located in the forum state and an out-of-state defendant because the "contemplated and executed business transactions between the parties [were] too attenuated to demonstrate [defendant] established sufficient minimum contacts" with the forum state).

Having determined that the Court lacks personal jurisdiction over Sowerby, it need not address the adequacy of PBI's claims in the First Amended Complaint.

## IV.  CONCLUSION

Based on the forgoing, the Court **ORDERS** as follows:

1. PBI's Revised Motion for Default Judgment (ECF No. 39) is DENIED;

2. PBI's First Amended Complaint (EFC No. 25) is DISMISSED without prejudice because the Court lacks personal jurisdiction over Defendant Dorne Sowerby;

3. The Clerk shall enter judgment in favor of Defendant and against Plaintiff; and

4. The Clerk of Court is hereby directed to close this case.

DATED this 23rd day of June, 2021.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge